Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000323
26-SEP-2012
08:14 AM

CAAP-11-0000323

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MICHAEL P. GIBBS, Defendant-Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR NOS. 05-1-1176 and 05-1-2319)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

Defendant-Appellant Michael P. Gibbs (Gibbs) appeals from the "Order Denying Defendant's Motion for Reconsideration of Sentence" (Order Denying Reconsideration) filed on March 9, 2011, in the Circuit Court of the First Circuit (Circuit Court).[1] We affirm.

I.

Gibbs was convicted of second-degree assault in Criminal No. 05-1-1176. He was convicted of unauthorized control of a propelled vehicle (UCPV) (Count 1) and abuse of a family and household member (Count 2) in Criminal No. 05-1-2319. In 2006, the Circuit Court sentenced Gibbs on these three convictions to concurrent terms of probation, subject to the special condition that he serve concurrent terms of one year of incarceration on the second-degree assault conviction in Criminal No. 05-1-1176,

_____

[1] The Honorable Richard K. Perkins presided.

one year of incarceration on the UCPV conviction in Criminal No. 05-1-2319, and 351 days of incarceration on the abuse of family and household member conviction in Criminal No. 05-1-2319.

On February 4, 2009, Plaintiff-Appellee State of Hawai'i (State) moved to revoke Gibbs's probation in both criminal cases. The State alleged that Gibbs had violated numerous terms and conditions of his probation, including committing another state crime, and it requested a bench warrant. The Circuit Court subsequently granted the State's motion to revoke Gibbs's probation. On July 21, 2010 the Circuit Court resentenced Gibbs to five years of incarceration in Criminal No. 05-1-1176 to run consecutively with the five years of incarceration it imposed on the UCPV conviction in Criminal No. 05-1-2319. On the same day, the Circuit Court filed an "Order of Resentencing" in each case, which set forth the sentences it imposed.

On September 20, 2010, Gibbs filed a notice of appeal from each Order of Resentencing. On October 18, 2010, Gibbs filed, in the Circuit Court, a motion for reconsideration of the consecutive sentences imposed. On January 3, 2011, the parties stipulated to the dismissal of Gibb's appeals with this court. On March 9, 2011, the Circuit Court denied Gibbs's motion for reconsideration of his sentences, and it issued the Order Denying Reconsideration.

II.

On appeal, Gibbs's challenge to the Order Denying Reconsideration is based entirely on his claim that the Circuit Court erred in resentencing him to consecutive sentences without providing its reasons for imposing the consecutive sentences *in writing*. Gibbs acknowledges that the Circuit Court "did state a basis for the consecutive sentences orally on the record at the time of resentencing on July 21, 2010." Gibbs, however, claims that the Circuit Court erred and violated his rights by failing to put its reasons in writing. We conclude that Gibbs's claim is without merit.

2

In State v. Hussein, 122 Hawai'i 495, 510, 229 P.3d 313, 328 (2010), the Hawai'i Supreme Court prospectively held that "circuit courts must state on the record at the time of sentencing the reasons for imposing a consecutive sentence." Hussein, however, did not require that the circuit court state its reasons in writing. Gibbs apparently concedes that the Circuit Court complied with Hussein by stating its reasons for imposing consecutive sentences on the record, but he contends that this court should impose the additional requirement that the Circuit Court state its reasons in writing. Gibbs does not provide any authority or valid justification for imposing this additional requirement, and we decline to impose it.

Gibbs did not include a transcript of the Circuit Court's resentencing hearing as part of the record on appeal. He therefore fails to provide this court with an adequate record or any basis from which to conclude that the Circuit Court erred in imposing consecutive sentences. See State v. Hoang, 93 Hawai'i 333, 336, 3 P.3d 499, 502 (2000) (holding that the appellate court will not presume error from a silent record); Hawai'i Rules of Appellate Procedure Rule 11(a) (2010) ("It is the responsibility of each appellant to provide a record . . . that is sufficient to review the points asserted . . . ." Since Gibbs fails to provide this court with any valid reason or basis to overturn the Circuit Court, we reject his appeal.

III.

We affirm the Circuit Court's Order Denying Reconsideration.

DATED: Honolulu, Hawai'i, September 26, 2012.

On the briefs:

Joseph R. Mottl, III
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

3